**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

**IN RE:**

| | |
|---|---|
| ROBIN A. DODD | Case No. 24-11060<br>Chapter 7 |
| Debtor(s). | |
| RONALD PORE | |
| Plaintiff, | |
| vs. | Adversary No. 24-5023 |
| ROBIN DODD | |
| Defendant(s). | |

**TO ALL PARTIES IN INTEREST:**

**ORDER FOR AND NOTICE OF SCHEDULING CONFERENCE**

PLEASE TAKE NOTICE that a pretrial scheduling conference will be held at the United States Courthouse, U.S. Bankruptcy Court, Wichita, Kansas (*See* www.ksb.uscourts.gov > *Judge's Corner for Judge Herren's Guidelines for Remote Participation and Attendance*), on March 20, 2025, at 11:00 am, to consider and act upon the following:

*Petition To Determine Dischargeability Of Loan Procured By Fraud
with Answer by Defendant*

**Counsel for all parties shall comply with Fed. R. Civ. P. 26(f) by conferring in person or by telephone prior to the above date and counsel for the plaintiff shall file a report of the conference in substantial compliance with the attached [Report of Parties' Planning Conference] not less than four business days prior to the scheduling conference.**

If the Report of Parties' Planning Conference is approved by the Court, unless the parties specifically request that the conference be held, the Court may cancel the scheduling conference.

Dated: January 24, 2025.

                                                                         s/ Mitchell L. Herren
                                                                         United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
) Case No.
)
Debtor(s). )
)
)
)
Plaintiff, )
)
vs. ) Adversary No.
)
Defendant(s) )
)

**Report of Parties' Planning Meeting**[1]
(Held pursuant to Fed. R. Civ.P. 26(f))

1. Pursuant to Fed. R. Civ.P. 26(f), a meeting was held on (date)_____ and was attended by:

   Name     Address and Phone     Party Represented

   a.
   b.
   c.
   d.

2. Nature of Complaint or Contested Matter: _____(e.g. Adversary proceeding objecting to discharge, motion for relief from stay, etc.)

3. Pre-Discovery Disclosures. The parties [*choose one*] [have exchanged] [will exchange] the information required by Fed. R. Civ.P. 26(a) (1) on or before _____.

4. All pretrial discovery will be commenced in time to be completed by _____(Date)___.

5. Expert disclosures under Fed. R. Civ. P 26(a)(2) shall be due from _____ (name of party) to _____ (name of party) by _____(date), and from _____ (name of party) to _____(name of party) by _____ (date).

6. In the event of a discovery dispute, no motion should be filed until counsel have conferred as required by LBR 7026.1(l). If the dispute is not resolved, counsel are also encouraged to request a conference call with the Court and all counsel in the dispute before filing a motion. Absent the filing of a certification regarding the duty to confer, the Court is unlikely to hear a motion regarding a discovery dispute.

7. _____ (name of party) shall prepare and submit in Microsoft Word format a Joint Final Pretrial Order using the Court's form not later than _____ (date).

8. Provided that such defenses have been timely preserved, any motion asserting any defense under Fed. R. Civ. P. 12(b) (2) - (5), and 19(a) shall be filed within 30 days from the date of entry of the Court's scheduling order, whichever occurs earlier.

9. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed within 60 days from adoption of the Report of Parties' Planning Conference or the Court's entry of a separate scheduling order, whichever occurs earlier.

10. All other dispositive motions shall be filed by _____ (date).

11. Settlement [*choose one*]: [is likely] [is unlikely] [cannot be evaluated prior to (insert date)].

12. Do the parties believe Alternative Dispute Resolution might be helpful? Yes/No

13. This case can be ready for trial not later than _____ (date) and is expected to take _____ (insert estimated trial time).

14. Special issues: [*If you are aware of discovery, settlement, or other issues that might insluence how this case should be handled, please address those issues here.*]

15. Consent to Bankruptcy Court Jurisdiction. If any party believes it is entitled to have any issue decided by an Article III judge, it nevertheless consents to trial and to entry of a final order by the bankruptcy judge.

    OR

    _____(name of party) does not consent and has filed a timely Motion to Transfer (withdraw the reference) pursuant to D.Kan.Rule 83.8.6.

16. The Court is often able to cancel the initial pretrial scheduling conference upon receipt of the Report of Parties' Planning Conference, if the parties are in consensus on the scheduling of the matter. Does any party request the Court to conduct a Scheduling Conference in this case (such as, e.g. to discuss discovery disputes, settlement possibilities, or any other relevant matter), notwithstanding the submission of this Report?

    ☐ The parties consent to canceling the initial pretrial scheduling conference

    OR

    ☐ One or more parties request that the initial pretrial scheduling conference be held.

***Report should be prepared by counsel for the movant and circulated in time for filing with the Court not later than four business days prior to the previously noticed scheduling conference. The failure of the parties to file this report may result in the summary dismissal of the complaint or contested matter.***

Approval signatures of all counsel:

(Signature lines shall include all counsels' Supreme Court ID numbers, addresses, phone numbers, and business e:mail address.)

**Notice that the Court may shorten or extend the proposed discovery time. In routine matters, the Court will normally allow no more that 90 days for discovery and submission of the final pretrial order.**

Revised 02/2021